UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

GEORGE A. BALL, JR.,

    Petitioner,

    v.

C. CARTER, *Warden*,

    Respondent.

Civil Action No. 23-2114-TDC

**MEMORANDUM ORDER**

Self-represented Petitioner George A. Ball, Jr., formerly confined at the Federal Correctional Institution in Cumberland, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which he challenges the failure to apply certain credits toward his 192-month sentence issued on July 6, 2012 by the District of Columbia Superior Court in *United States v. Ball*, No. 2010-CF3-15679 (D.C. Super. Ct.). In the Petition, Ball alleges that he is entitled to 357 days of credit against his sentence for the time he served in custody between July 15, 2011 and July 6, 2012. According to Ball, the Federal Bureau of Prisons ("BOP") has wrongly credited this time to a parole violation rather than to his sentence. In an Answer that includes a declaration by a BOP official accompanied by supporting documentation, Respondent asserts that all of Ball's incarcerated time has been accurately accounted for and that he has received all credits due. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* Rules 1(b) and 8(a), Rules Governing Section 2254 Proceedings in the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be DENIED.

## BACKGROUND

Ball's arrest in the present case occurred on August 23, 2010, while he was on parole for another conviction. At the time, he was charged with assault on a police officer, assault with a dangerous weapon, assault with significant bodily injury, misdemeanor theft, and a parole violation.

On April 12, 2011, Ball was sentenced to 180 days of imprisonment on the misdemeanor theft charge. Prior custody credits were applied to that sentence for his time in custody from August 23, 2010, the date of his arrest, through February 17, 2011, the date on which Ball would have been released on the theft conviction. Ball remained in custody pending sentencing on his felony convictions.

On July 15, 2011, a parole violation warrant was executed in relation to Ball's prior sentences in *United States v. Ball*, Nos. F3747-87 and F6718-87 (D.C. Super. Ct.), and was stayed pending disposition of the new charges.

On July 6, 2012, Ball was sentenced to 192 months of imprisonment and three years of supervised release on the charges of assault on a police officer, assault with a dangerous weapon, and assault with significant bodily injury. Unused jail credits from February 18, 2011, the day after he completed his theft sentence, to April 11, 2011, the day before he was sentenced on the theft conviction, and from April 13, 2011, the day after the theft sentence was imposed, to July 14, 2011, the day prior to the execution of the parole violation warrant, were applied to Ball's 192-month sentence.

On August 30, 2012, the United States Parole Commission ("USPC") held a revocation hearing and determined that Ball had violated the conditions of his parole as a result of his new convictions. On September 28, 2012, Ball's parole was revoked, and the USPC ordered that none

2

of Ball's time previously spent on parole would be credited. Ball was then granted parole "effective July 6, 2012 (*nunc pro tunc*) to the consecutive 192-month sentence in Docket No. 2010-CF3-15679." D.C. Institutional Revocation at 1, Fanello Decl. Attachment 11, ECF No. 5-1.

## DISCUSSION

The Attorney General, through the BOP, has the authority to calculate a federal prisoner's period of incarceration, including determining when a sentence begins and whether the prisoner shall receive credit for time previously served. *See United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Montez-Gaviria*, 163 F.3d 697, 700–01 (2d Cir. 1998). A prisoner may file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in order to challenge the calculation or execution of the sentence. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc); *United States v. Little*, 392 F.3d 671, 679–80 (4th Cir. 2004) (stating that a claim that a prisoner was improperly denied a sentencing credit was properly asserted in a § 2241 petition because it related to the execution of the sentence).

Respondent correctly asserts that because Ball's parole was for a conviction in the D.C. Superior Court, the District of Columbia Code, rather than 18 U.S.C. § 3585(b), upon which Ball relies, governs the application of prior custody credits. The relevant statute states that:

> Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody … as a result of the offense for which the sentence was imposed. When entering the final order in any case, the court shall provide that the person be given credit for the time spent in custody … as a result of the offense for which [the] sentence was imposed.

D.C. Code Ann. § 24–221.03(a) (West 2009).

Here, because the USPC revoked Ball's prior parole and then granted a new parole date of July 6, 2012, the time prior to that date constituted time during which Ball was serving his prior sentences in *United States v. Ball*, Nos. F3747-87 and F6718-87 (D.C. Super. Ct.). The BOP

3

therefore properly declined to credit the time from July 15, 2011 to July 6, 2012 toward the sentence in the present case because it constituted time served as a result of the parole violation. Because Ball was granted parole effective July 6, 2012, the time from that date forward constitutes the time properly applied to the new sentence.

Ball's time served before July 15, 2011 did not count toward the parole violation because, by regulation, for a parolee from a conviction for a crime under the D.C. Code, "[t]he date the violation term commences is the date the [USPC's] warrant is executed," in this case, July 15, 2011. 28 C.F.R. § 2.100(d)(1). Thus, Ball's remaining time in custody from before that date but not applied to the misdemeanor theft sentence, specifically, the periods from February 18 to April 11, 2011 and from April 13 to July 14, 2011, were credited to his present sentence. Accordingly, all of the time in custody, from the date of Ball's arrest on August 23, 2010 to the date that his present sentence was imposed on July 6, 2012, was credited to either the misdemeanor theft sentence, Ball's parole violation, or the present 192-month sentence.

In his Reply, Ball appears to agree that this is how his time is being credited but argues that "[t]his case hinges on the meaning of two federal regulations," 28 C.F.R. § 2.47(e)(2) and 28 C.F.R. § 2.213(d). Reply at 2, ECF No. 10. He contends that Respondent has not properly applied these regulations to his case. Both regulations are entitled "Warrant placed as a detainer and dispositional review." 28 C.F.R. §§ 2.47, 2.213. However, § 2.47 relates to prisoners and parolees who were convicted of federal crimes under the United States Code, while § 2.213 relates to individuals serving terms of supervised release following imprisonment on crimes under the D.C. Code. *See id.* Because Ball's convictions were not for violations of federal law, and he was not on supervised release during the relevant time period, these regulations do not apply here.

4

In any event, the applicable regulation, 28 C.F.R. § 2.100(d)(1), contains similar language to that cited by Ball: that a parole violation term "shall start to run only upon [the prisoner's] release from the confinement portion of the sentence for the new offense, or the date of reparole granted pursuant to this subpart, whichever comes first." *Id.* Ball argues that pursuant to such language, it was improper for any parole violation to apply to time before he completes the present 192-month sentence, particularly where he was in custody in relation to the present case prior to his parole hearing. The cited language of the regulation, however, applies to parole revocations occurring while the parolee was "serving a new sentence of imprisonment." *Id.* § 2.100. Because the USPC revoked parole only as to the time period before he began serving his new sentence on July 6, 2012, and granted parole from that date forward, this provision is not applicable to the present case. The Court notes that even if Ball was somehow correct that the USPC could not revoke his parole for any time period before the completion of his 192-month sentence, the likely result would be that Ball would have to serve the same amount of time, or perhaps even the remainder of the sentence underlying the parole violation, at the end of the present sentence.

Because the BOP properly declined to credit time applicable to the parole violation to the present sentence, the Petition will be denied.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. The Petition for a Writ of Habeas Corpus, ECF No. 1, is DENIED.

2. The Clerk shall send a copy of this Order to Ball.

3. The Clerk shall close this case.

Date: January 7, 2026

THEODORE D. CHUANG
United States District Judge